397 So.2d 931 (1981)
James B. SNEED, Appellant,
v.
STATE of Florida, Appellee.
No. 80-645.
District Court of Appeal of Florida, Fifth District.
March 25, 1981.
Rehearing Denied May 13, 1981.
*932 James B. Gibson, Public Defender, James R. Wulchak, Chief, Appellate Division, and Thomas R. Mott, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Phillip D. Havens and James Dickson Crock, Asst. Attys. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant raises two issues in attacking his conviction for grand theft. He contends that the evidence was insufficient to support the jury's verdict and that the trial court erred in allowing the prosecutor to submit evidence of a specific unrelated crime for which appellant was previously convicted. We find no merit in the first point, but agree on the second issue and reverse.
The evidence relied on to support the conviction was that on Saturday, August 18, 1979, appellant finished his shift at the gas station where he was employed, and having arranged to go fishing with a friend, took with him two money bags containing the station's cash receipts, for the avowed purpose of dropping them off at the night depository box of the bank. Appellant and his friend stopped at the bank, but appellant did not deposit the bags. On the way to their fishing destination, they stopped at a convenience store so that appellant could make a phone call. There is dispute in the evidence about some of the events. For example, appellant testified that he did not deposit the money at the bank because he discovered an error in the deposit slip, and didn't have another one; his companion testified that appellant indicated the depository was jammed. Appellant testified that when he stopped at the convenience store he left the bags in the van; his companion stated that appellant took the bags with him. There is no dispute that appellant did not deposit the money in the bank and that he took the bags with him on the fishing trip.
Appellant and his friend fished that day with the bags close by, and slept in the van that night. When they awoke the next morning, the money bags were gone. His companion suggested they call the police, but since appellant was on parole and out of his county without permission, he demurred. Instead, they continued fishing a while longer and then appellant asked his companion to help him fake a robbery to explain the missing money. His friend decided he could not go through with it and after appellant staged the robbery, reported the incident to the police. Appellant eventually admitted his false report.
Appellant testified at the trial, and his counsel asked him why he wanted to fake the robbery. Over the State's objection, appellant responded that while he had been in jail before awaiting trial on another matter, he had been the victim of a homosexual rape and didn't want to go back to jail. The State on cross examination then asked him the nature of the crime for which he had been tried and convicted, and over defense objection, appellant responded that he had been convicted of assaulting his daughter. Appellant now contends that permitting *933 this testimony was prejudicial and warrants reversal.
In attempting to impeach a witness (including a testifying defendant), the State may elicit information as to that witness's previous criminal convictions. The questioning is limited to determining if the witness has previously been convicted of a crime, and if so, how many times. If truthfully answered, the State can go no further. McArthur v. Cook, 99 So.2d 565 (Fla. 1957). Even where the witness denies the conviction, the specific offense is identified only incidentally when the record of the conviction is offered into evidence. Fulton v. State, Fla., 335 So.2d 280, 284. If a defendant chooses to first bring out the conviction in an effort to soften its effect, the State is not authorized to inquire further than it would otherwise have been allowed to. Leonard v. State, 386 So.2d 51 (Fla.2d DCA 1980).
Cross examination regarding an irrelevant criminal incident constitutes reversible error. Pack v. State, 360 So.2d 1307 (Fla.2d DCA 1978); Henry v. State, 356 So.2d 61 (Fla. 4th DCA 1978). The nature of the crime for which appellant was previously convicted is not relevant to any issue in this case. Since appellant's credibility was a critical factor for the jury's consideration, we have no way of knowing how the overtones of the crime of "assaulting his daughter" might have affected the jury. Without a doubt, the repulsive implications of this irrelevant crime would have some effect. Appellant was entitled to a fair trial free from irrelevant prejudicial testimony.
The State argues that appellant "opened the door" to cross examination regarding the nature of his offense and relies on Coxwell v. State, 361 So.2d 148 (Fla. 1978), as authority for the proposition that any matter brought out on direct examination may be enlarged and inquired into on cross examination. However, Coxwell does not indicate that irrelevant, prejudicial material may be elicited on cross examination. Rather, that case applies its principles only to germane and plausibly relevant testimony. Coxwell at 152. The nature of the prior criminal conviction was in no way relevant or germane to any issue here. The defense did not "open the door" as alleged by the State to this questioning. Cf., Dodson v. State, 356 So.2d 878 (Fla.3d DCA 1978); cert. denied, 360 So.2d 1248 (Fla. 1978).
The judgment of conviction is reversed and the cause is remanded for a new trial.
REVERSED and REMANDED for new trial.
COBB and SHARP, JJ., concur.