PER CURIAM.
Harold Cleveland Bain was tried by jury on charges of (1) murder in the first degree and (2) attempted murder in the first degree. He claimed self defense and took the stand in his own behalf. During direct examination, Bain had testified that he informed the victims that he did not want any trouble because he was on life-time parole. On cross, the prosecutor asked Bain, “[w]hat crime were you on life-time parole for?” Defense counsel objected but on proffer of the answer out of the jury’s presence the objection was overruled. Upon the jury’s return, Bain’s answer then disclosed to them his prior conviction for murder. His timely motion for mistrial was denied, the only error he asserts on appeal from conviction on both offenses. We reverse.
The prosecutor’s question introduced evidence of the specific offense for which appellant had been convicted. It was not relevant to any issue.[1] The matter elicited by the improper question served only to establish the appellant’s criminal propensity. While the fact that a defendant has previously been convicted of a crime is relevant, once the witness has answered truthfully about the existence and the number of his prior convictions, it is improper to permit the prosecutor to inquire into the nature of those offenses. Whitehead v. State, 279 So.2d 99 (Fla.1973); Sneed v. State, 397 So.2d 931 (Fla. 5th DCA 1981); Goodman v. State, 418 So.2d 308 (Fla. 1st DCA 1982). The error cannot be said to be harmless considering the fact that Bain’s credibility was necessarily a critical factor in the jury’s consideration of the case.
The judgment is reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
*963 GLICKSTEIN and HURLEY, JJ., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.

. Appellee contends that since Bain testified as to his state of mind, i.e., concern for the consequences of a violation of life-time parole, the nature of the crime for which he was on parole was relevant to his state of mind. We think that argument is not sound.