770 So.2d 725 (2000)
Arius J. LLANOS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2525.
District Court of Appeal of Florida, Fourth District.
November 1, 2000.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant appeals his conviction for kidnapping, burglary, and battery.
During the course of the trial, several of appellant's hearsay statements were admitted into evidence upon defense counsel's cross-examination of the victim.[1] The trial judge allowed the state to impeach appellant's credibility by taking judicial notice of the fact that appellant was on probation at the time of the alleged offenses.
On appeal, appellant contends that because he never took the stand, the trial judge reversibly erred by taking judicial notice of the fact that he was on probation at the time of the alleged offenses.
In order to impeach appellant's credibility, the trial judge took judicial notice of the fact that appellant was on probation at the time of the alleged offenses. Although this means of impeachment is not afforded by section 90.610(1), Florida Statutes (1999),[2] the declarant's credibility and possible bias may be impeached under section 90.806(1), Florida Statutes (1999).[3]
*726 While the fact that a defendant is on probation is not usually admissible for impeachment, the testimony elicited by defense counsel on cross-examination suggested that appellant did not want the victim to notify the police because he was remorseful, he loved her, and he wanted her to resume their relationship. An equally plausible reason that would cast doubt on appellant's motivation and credibility is that appellant wanted the victim to remain silent about the battery because he was on probation and his arrest could lead to the revocation of his probation.
Accordingly, we affirm the trial court's ruling under section 90.806, Florida Statutes (1999).
AFFIRMED.
WARNER, C.J., HAZOURI, J., and BARKDULL, THOMAS H., III, Associate Judge, concur.
NOTES
[1] A. I told my sister it was okay, it's okay, I will talk to him for just a minute, and we did. He wanted me to say absolutely nothing to anybody.

Q. Did he also say to you I am sorry?
A. Yes.
Q. Did he also say to you come back with me?
A. Yes.
Q. I won't do it again, it will be okay?
A. Yes.
* * *
Q. Okay. During that whole sequence of you all being in the car, going over to his apartment, he never threatened any of you? A. He said please don't do this, I am in big enough trouble as it is.
[2] 90.610 Conviction of certain crimes as impeachment.

(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment....
[3] 90.806 Attacking and supporting credibility of declarant.

(1) When a hearsay statement has been admitted in evidence, credibility of the declarant may be attacked and, if attacked, may be supported by any evidence that would be admissible for those purposes if the declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time inconsistent with the declarant's hearsay statement is admissible, regardless of whether or not the declarant has been afforded an opportunity to deny or explain it.
See also United States v. Lawson, 608 F.2d 1129, 1130 (6th Cir.1979) (applying Fed. R.Evid. 806 which is almost identical to section 90.806, Florida Statutes (1999)).