857 So.2d 949 (2003)
Freddie Leroy KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3073.
District Court of Appeal of Florida, Fourth District.
October 22, 2003.
Brian H. Mallonee, Fort Pierce, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda Melear, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, C.J.
Defendant, who was caught after a chase near the scene of a burglary of a business, later made incriminating statements to an interrogating officer at the police station. Defendant pleaded not guilty and went to trial. From his opening statement, his defense was essentially that he was an innocent man without a place to stay who was caught in the circumstances of being at the wrong place at the wrong time.
At trial, the state adduced his stationhouse statements through the testimony of the interrogating officer and on cross-examination of the officer defendant elicited additional statements he made to the officer. As part of its case in chief, the state then offered evidence of prior convictions involving dishonesty. The state relied on section 90.806(1), saying that the convictions impeached defendant's credibility as a declarant and addressed the self-serving nature of part of his declarations. We agree with the state that it was proper to admit the convictions under section 90.806.
Section 90.806(1) provides:
"When a hearsay statement has been admitted in evidence, credibility of the declarant may be attacked and, if attacked, may be supported by any evidence that would be admissible for those purposes if the declarant had testified as a witness."
§ 90.806(1), Fla. Stat. (2003). We previously confronted similar impeachment of a defendant's pretrial statements under section *950 90.806 in Llanos v. State, 770 So.2d 725 (Fla. 4th DCA 2000). In affirming the admission of impeachment evidence showing that the declarant-defendant was on probation from a prior conviction when he made the statements, we said:
"While the fact that a defendant is on probation is not usually admissible for impeachment, the testimony elicited by defense counsel on cross-examination suggested that appellant did not want the victim to notify the police because he was remorseful, he loved her, and he wanted her to resume their relationship. An equally plausible reason that would cast doubt on appellant's motivation and credibility is that appellant wanted the victim to remain silent about the battery because he was on probation and his arrest could lead to the revocation of his probation."
770 So.2d at 726.
In this case during cross examination of the same witness, defendant also elicited the same statements, as well as other statements made during the same interrogation. His purpose was to show that in context the entire interrogation was exculpatory. Section 90.806 allows this specific use of such impeachment evidence. See 5 Jack B. Weinstein & Margaret A. Berger, WEINSTEIN'S FEDERAL EVIDENCE § 806.04(2)(b) (Joseph M. McLaughlin ed., 2d ed. 2002) ("A defendant who chooses not to testify but who succeeds in getting his or her own exculpatory statements into evidence runs the risk of having those statements impeached by felony convictions."), concerning the functionally identical federal evidence provision.
AFFIRMED.
KLEIN and SHAHOOD, JJ., concur.