913 So.2d 1184 (2005)
Larry ROSS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D04-1245, 4D04-1762.
District Court of Appeal of Florida, Fourth District.
October 12, 2005.
*1186 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Larry Ross appeals his criminal conviction and sentence for attempted robbery and burglary in Case No. 4D04-1762. In consolidated Case No. 4D04-1245, Ross appeals the revocation of his probation and sentence. Appellant contends that the trial court abused its discretion in allowing the state to cross-examine him concerning the nature of his prior convictions, even though his direct examination testimony concerning his prior convictions was not misleading and did not open the door to such inquiry. He also contends that the trial court abused its discretion in allowing the state to elicit that he was on probation at the time of the offense. We agree with both arguments and reverse appellant's conviction and sentence in Case No. 4D04-1762. However, we affirm the revocation of probation and sentence imposed in Case No. 4D04-1245.
Appellant testified in his own behalf. Anticipating later impeachment concerning his prior record, he admitted on direct examination that he had prior felony convictions. He explained that he pled guilty to those felonies, rather than go to trial, because he was guilty of the charges. The trial court ruled that appellant's testimony opened the door to extensive cross-examination on the circumstances surrounding his guilty pleas. Over defense objection, the trial court allowed the prosecutor to elicit that appellant was charged with possession of cocaine and facing five years imprisonment, but received only eighteen months when he pled guilty. The prosecutor then elicited that the appellant had been charged with both robbery and theft in the State of Georgia, and that the state had dropped the theft charge in exchange for his guilty plea to robbery. The prosecutor was also allowed to question appellant about his pending violation of probation.
The general rule for impeachment by prior convictions, as codified in section 90.610, Florida Statutes (2003), is that it is restricted to determining if the witness has previously been convicted of a crime, and if so, how many times. Fotopoulos v. State, 608 So.2d 784, 791 (Fla.1992); Fulton v. State, 335 So.2d 280, 284 (Fla.1976); Brown v. State, 787 So.2d 136 (Fla. 4th DCA 2001). Usually, the prosecutor is not allowed to delve into the nature of a defendant's prior convictions or the circumstances surrounding them. *1187 Green v. State, 720 So.2d 1150 (Fla. 4th DCA 1998); Banks v. State, 655 So.2d 1224 (Fla. 4th DCA 1995). This is so even when the defendant chooses to bring out the conviction first on direct examination. See Sneed v. State, 397 So.2d 931 (Fla. 5th DCA 1981).
An exception exists, however, when the defendant attempts to mislead the jury about the prior convictions by, for example, trying to minimize them. In such a case, the state is entitled to inquire further regarding the convictions to dispel any false impression given. Fotopoulos, 608 So.2d at 791; McCrae v. State, 395 So.2d 1145, 1151 (Fla.1980). The same rule applies whether the defendant testifies on cross-examination or direct examination about his prior convictions. Id.
In Lawhorne v. State, 500 So.2d 519 (Fla.1986), the supreme court approved the use of "anticipatory rehabilitation." This defense strategy allows the defendant to present evidence of his prior convictions up front and thus "take the wind out of the sails" of the anticipated impeachment. The court also recognized the defendant's right to offer testimony about the circumstances of his prior convictions, including a statement that his prior convictions were adjudicated upon pleas of guilty rather than upon trial verdicts. Id. at 523. A defendant's testimony that he pled guilty in prior cases because he was guilty implies that he elected to go to trial in the present case because he is not guilty. See Bowles v. State, 849 So.2d 465 (Fla. 4th DCA 2003); Ziermann v. State, 696 So.2d 491 (Fla. 4th DCA 1997).
When defense counsel attempts to rehabilitate the defendant by having him testify that he obtained his past convictions by pleading guilty, it opens the door to some extent to the state's inquiry into his reasons for pleading guilty. See Lawhorne, 500 So.2d. at 523. However, the trial court must prevent the parties from "wandering too far afield." Id. The issue we must decide in this case is how wide did appellant "open the door" when he testified that he pled guilty to prior charges because he was guilty. Did this explanation give the state latitude to delve deeper into his reasons and try to dispel the "honest man" implication by exposing some other motive for his plea, such as receiving a plea deal too good to turn down? And, if allowed to pursue this line of questioning, is the state then permitted to inquire about the nature of the crimes, ostensibly to highlight the benefits reaped by the plea bargain?
As a general rule, on cross-examination, the state must limit itself to questions no broader in scope than those propounded by the defense. See McCrae, 395 So.2d at 1151. In this case, the defendant testified that he pled guilty to the prior felonies because he was guilty of them. He did not divulge any details about the crimes or try to downplay the degree or significance of them. His testimony did not mislead the jury and open the door to cross-examination on the specific nature of his prior felonies to "negate the delusive innuendos of his counsel." See id. at 1152; see also Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992) (holding that the defendant's redirect testimony that his prior convictions resulted from guilty pleas, rather than guilty verdicts at trial, did not open the door to specific inquiry into the identity of the crimes for which he was previously convicted).
Under Ziermann and Bowles, appellant's testimony amounted to nothing more than an implied assertion of innocence on his current charges. We believe that any relevance to the fact that a defendant's guilty plea to prior offenses was motivated by a favorable plea offer, as *1188 opposed to a sense of guilt, is outweighed by potential prejudice resulting from the jury's exposure to specific information about a defendant's prior record. This is particularly so where the defendant's credibility is in issue and/or the prior charges are similar to the current charges. See Hall v. State, 400 So.2d 102 (Fla. 1st DCA 1981) (holding it was error to admit exhibit showing defendant has previously been convicted of robbery where he was then being tried for robbery); Payne v. State, 426 So.2d 1296, 1300 (Fla. 2d DCA 1983) (stating that the nature of the prior marijuana smuggling conviction was prejudicial in marijuana possession and sale case). In this case, the defendant's credibility was a critical factor. Further, in this robbery and burglary prosecution, the jury was informed of the defendant's prior conviction for robbery. The trial court thus erred in permitting the state to cross-examine the defendant concerning the nature of his prior convictions.
The trial court also erred in allowing the defendant's probationary status to be brought to the jury's attention. The fact that a defendant is on probation is not usually admissible for impeachment. See Llanos v. State, 770 So.2d 725 (Fla. 4th DCA 2000). In Llanos, we found a very fact-specific exception. There, the fact that the defendant was on probation at the time of the alleged offenses impeached the defendant's testimony as to why he did not want the police called to investigate a battery. In this case, the defendant offered no testimony that would make his probationary status a proper subject of impeachment.
Based on our review of the record, we cannot say that these errors were harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The erroneous admission of collateral crimes evidence is presumptively harmful. See Miller v. State, 804 So.2d 609, 612 (Fla. 3d DCA 2002) (quoting Czubak v. State, 570 So.2d 925, 928 (Fla.1990)).
For the reasons stated above, we reverse appellant's conviction and sentence for attempted robbery and burglary and remand for a new trial. We affirm the order revoking probation and the sentence imposed upon revocation of probation.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR NEW TRIAL.
STEVENSON, C.J. and POLEN, J., concur.