964 So.2d 221 (2007)
Curtis ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1220.
District Court of Appeal of Florida, Fourth District.
August 29, 2007.
*222 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
We confront the same issue that we considered in Ross v. State, 913 So.2d 1184, 1187 (Fla. 4th DCA 2005)"[H]ow wide did [a criminal defendant] `open the door' when he testified that he pled guilty to prior charges because he was guilty." (Emphasis in original). We hold that the trial judge properly limited the cross-examination and affirm.
Charged with burglary of a dwelling, Curtis Rogers's trial strategy was to contend that he was guilty only of trespass.
Rogers testified at trial. He admitted that he entered the home without the consent of the owners. He explained that he thought no one was home, so he went inside because he was tired, to "chill," sit, rest a little, and sleep.
Once inside, Rogers went into the den and rested for a while. Then, he walked around the house. First, he pushed open a locked door and went into a girl's bedroom. He looked in the dresser and threw stuff all over the floor, explaining that he was jealous. He saw jewelry but did not take any of it because there was "no reason to." Rogers then went into another locked bedroom where he saw a plasma television and a DVD player. He looked in the dresser drawers because he was just "curious."
Next, Rogers went into the bathroom to look at himself in the mirror. When he entered the last bedroom, he noticed a person there, panicked, and ran out of the house without taking anything.
Defense counsel asked Rogers if he had ever been convicted of a felony. Rogers indicated that he had 13 felony convictions. Responding to his lawyer's question, Rogers stated that he had pleaded no contest in all of the prior cases. Defense counsel then asked Rogers why he had entered pleas in the prior cases. Rogers testified that he had pled out in those cases because he was guilty.
On cross-examination, the prosecutor sought to explore Rogers's motive for pleading no contest to the 13 felonies. After considering the defense objection, the trial court allowed this question and answer:
Q. (By the prosecutor) Mr. Rogers, back to your 13 prior felony convictions, Mr. Rogers, it is fair to say, isn't it, by your pleading guilty to those 13 prior felonies, you had received a much lesser sentence by pleading guilty than you could have ultimately received?
A. Yes.
Rogers argues that he is entitled to a new trial based upon this exchange.
Generally, under section 90.610, Florida Statutes (2006), impeachment by prior convictions is "restricted to determining if the witness has previously been convicted of a crime, and if so, how many times." Ross, 913 So.2d at 1186 (citing Fotopoulos v. State, 608 So.2d 784, 791 (Fla.1992)); see also Fulton v. State, 335 So.2d 280, 284 (Fla.1976); Brown v. State, 787 So.2d 136, 138 (Fla. 4th DCA 2001). Typically, "the prosecutor is not allowed to delve into the nature of a defendant's prior *223 convictions or the circumstances surrounding them." Ross, 913 So.2d at 1186 (citing Green v. State, 720 So.2d 1150 (Fla. 4th DCA 1998)); Banks v. State, 655 So.2d 1224 (Fla. 4th DCA 1995). This limitation applies even when the defendant first brings out a conviction on direct examination. Ross, 913 So.2d at 1187; see Sneed v. State, 397 So.2d 931 (Fla. 5th DCA 1981).
An exception to the general rule exists when a defendant engages in "spin control" by characterizing the prior convictions in a way favorable to his case at trial. Under those narrow circumstances, where a defendant has so opened the door, the state is entitled to inquire further regarding the convictions to attempt to dispel any misleading impression. Ross, 913 So.2d at 1187; Fotopoulos, 608 So.2d at 791; McCrae v. State, 395 So.2d 1145, 1151 (Fla. 1980). "The `opening the door' concept is based on considerations of fairness and the truth-seeking function of a trial, where cross-examination reveals the whole story of a transaction only partly explained in direct examination." Bozeman v. State, 698 So.2d 629, 631 (Fla. 4th DCA 1997).
Lawhorne v. State, 500 So.2d 519 (Fla.1986), approved the use of "anticipatory rehabilitation." This strategy allows a defendant to present evidence of his prior convictions on direct examination and "take the wind out of the sails" or to "soften the blow" of anticipated attacks on his credibility. The supreme court "also recognized the defendant's right to offer testimony about the circumstances of his prior convictions, including a statement that his prior convictions were adjudicated upon pleas of guilty rather than upon trial verdicts." Ross, 913 So.2d at 1187 (citing Lawhorne, 500 So.2d at 523). A defendant's testimony that he pled guilty in prior cases because he was guilty implies that he elected to go to trial in the case at hand because he was not guilty. See Ross, 913 So.2d at 1187; Bowles v. State, 849 So.2d 465, 466 (Fla. 4th DCA 2003); Ziermann v. State, 696 So.2d 491, 492 (Fla. 4th DCA 1997).
In Ross, the defendant testified on direct examination that he had prior felony convictions. 913 So.2d at 1186. He explained that he pleaded guilty to those felonies, rather than go to trial, because he was guilty of the charges. Id. The trial court found that defendant's testimony opened the door to extensive cross-examination on the circumstances surrounding his guilty pleas. Id. Over defense objection, the trial court allowed the prosecutor to elicit that the defendant faced five years in prison on possession of cocaine charges and received only eighteen months after his guilty plea. Id. The prosecutor further established that the defendant had been charged with both robbery and theft in the State of Georgia, and that the state had dropped the theft charge in exchange for his guilty plea of robbery. Id.
In Ross, this court held that the defendant's testimony did not open the door to such extensive cross-examination concerning the details of his prior convictions. Recognizing that the defendant's explanation that he pleaded guilty to the earlier charges was "nothing more than an implied assertion of innocence on his current charges," we explained that a prosecutor must not wander "too far afield" by exposing the jury to "specific information about a defendant's prior record." Id. at 1187-88.
In this case, the trial judge properly confined the cross-examination to the parameters of Ross. The court did not permit questions about the nature of Rogers's prior convictions. The question was of the type anticipated by Lawhorne, where the defendant's response "opened the door to some extent to the state's inquiry" into the *224 defendant's reasons for pleading guilty. 500 So.2d at 523. Once Rogers attempted to use the prior convictions to establish that he was not guilty of burglary, the state was permitted to test the credibility of this approach by providing an alternative reason for the earlier guilty pleas.
Affirmed.
STONE and POLEN, JJ., concur.