964 So.2d 906 (2007)
Tom MARTINO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2325.
District Court of Appeal of Florida, Fourth District.
October 3, 2007.
Bruce S. Rogow and Cynthia E. Gunther of Bruce S. Rogow, P.A., Fort Lauderdale, *907 and Michael J. Pasano and Brian T. James of Zuckerman Spaeder LLP, Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Martino's convictions and sentences for one count of organized scheme to defraud and six counts of purchase or receipt of a legend drug from an unauthorized person. This was a complex case; the information was seventy pages in length. The sole issue we address is whether the trial court's limitation of cross-examination of the state's witness requires reversal.
The witness, Mark Novosel, was a participant in a scheme with Martino to obtain legend drugs from an unauthorized source and commercially resell them. He testified for the state under a plea agreement providing him with a possible two-year sentence and had not yet been sentenced. Novosel's testimony was the most telling evidence against Martino.
Novosel admitted he had a plea agreement that could benefit him in this case, and he had previously been convicted of six felonies  one of which was in the instant case. When defense counsel asked what the other five felonies were, the prosecution objected. The defense then proffered the following:
Are you the same Michael Novosel convicted in '97 [9 years earlier] in federal court of the crime of racketeering, and the same Michael Novosel convicted of the crime of tax evasion, the same Mark Novosel convicted of the crime of Medicare fraud. I believe that 
* * *
. . . where I would seek to go next, . . . I believe that in 1997, approximately, Mr. Novosel is charged with a variety of crimes. Those crimes carried very severe sentences in part of  in pleading to those he then enters into an agreement and agrees to cooperate and testifies. And by testifying against specifically judges and lawyers, he ends up with his sentence that is, in fact, a house, home confinement type sentence, he avoids jail.
* * *
. . . what I would seek to establish in connection with his prior problems, whatever they were, he was able to resolve them and that part of the way he resolved them was being able to cooperate. Part of that cooperation was actually testimony from the successful execution of that testimony resulted back, then in being able to limit his sentence and that I would argue to the jury in closing he's doing it again.
The trial court sustained the state's objection, stating: "You know, you can ask if he's been convicted and go into all of the details as to any plea agreement in this case . . . I think the other ones really are collateral matters." A trial court's limitation of cross-examination is reviewed for abuse of discretion. See Docekal v. State, 929 So.2d 1139 (Fla. 5th DCA 2006).
We recognize that the Sixth Amendment and Florida law provide wide latitude for cross-examination in criminal cases. Martino argues that the proffered testimony would reflect a motive for Novosel's making Martino the fall guy for their offense, and the testimony would establish a pattern and practice of avoiding or minimizing his criminal punishment by placing blame on others and showing a continuing motivation to frame testimony to benefit himself.
*908 A criminal defendant has a constitutional right to full and fair cross-examination to show a witness' possible bias or motive to be untruthful. Commerford v. State, 728 So.2d 796, 799 (Fla. 4th DCA 1999); see also Steinhorst v. State, 412 So.2d 332, 337 (Fla.1982). "This right `is especially necessary when the witness being cross-examined is the key witness on whose credibility the State's case relies.'" Docekal, 929 So.2d at 1142 (quoting Tomengo v. State, 864 So.2d 525, 530 (Fla. 5th DCA 2004)). We further recognize that a trial court may not prohibit cross-examination "when the facts sought to be elicited are `germane to that witness' testimony and plausibly relevant to the theory of defense." Bertram v. State, 637 So.2d 258, 260 (Fla. 2d DCA 1994) (quoting Pace v. State, 596 So.2d 1034, 1035 (Fla.1992)). Section 90.608(2), Florida Statutes, permits cross-examination to "attack the credibility of a witness by . . . [s]howing that the witness is biased."
The state argues that the evidence which Martino sought to admit is inadmissible under section 90.404(1), Florida Statutes, which provides that "[e]vidence of a person's character or trait of character is inadmissible to probe action in conformity with it on a particular occasion. . . ." Martino, however, asserts that he did not seek to cross-examine Novosel on his "character or trait." Rather, he sought to bring to the jury's attention Novosel's motive for testifying adversely to Martino.
We do not address whether the ruling should be sustained under section 90.404(1) because, in any event, a trial court could well conclude that the questioned proffer is not relevant or material, as it does not, taken alone, demonstrate that the witness had a pattern or practice of avoiding or minimizing his own risk by placing blame on others. In Chaudoin v. State, 707 So.2d 813 (Fla. 5th DCA 1998), the court recognized that it is not an abuse of discretion to preclude inquiry on cross-examination of a state's witness concerning a previous case in which the witness had received a light sentence by testifying against the co-defendant. We do recognize, however, that in Chaudoin, the witness had not been charged.
Novosel's only prior plea was nine years earlier, and nothing is known of the circumstances surrounding the plea. The fact that Novosel entered a plea arrangement several years earlier says nothing about his motive to lie in this case. Neither need it evidence a pattern or proclivity to do so. The defense was given a free hand in this case at inquiring into the circumstances of Novosel's plea deal. To allow further inquiry into the circumstances of a totally unrelated nine-year-old plea would invite additional inquiry into the details of that plea and circumstances leading up to it. Here, there is no showing of a sufficient similarity to invite a finding of relevancy. See Slocum v. State, 757 So.2d 1246 (Fla. 4th DCA 2000) (attempted cross-examination of officer concerning officer's interrogation procedures in an unrelated case resulting in a "confession" and confinement of an innocent suspect held not relevant).
A trial court has broad discretion in weighing the relevance of evidence. E.g. Slocum, 757 So.2d at 1250. As we recognized in Slocum,
The United States Supreme Court has stated that "trial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."
Id. at 1250-51 (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)).
*909 As to all other issues raised, we also find no reversible error or abuse of discretion. Therefore, the judgment and sentence are affirmed.
GROSS, J., concurs.
POLEN, J., dissents with opinion.
POLEN, J., dissenting.
I respectfully dissent as to the majority's affirmance of the trial court's limitation of defense's cross-examination of state's witness Mark Novosel. Not only was Novosel's testimony "the most telling evidence against Martino," as the majority describes it  it was the only testimony to link Martino to this plot to sell or distribute legend drugs from an unauthorized person. It was clear that Novosel was at least as culpable as Martino in this scheme. Yet Novosel was able to obtain a favorable plea bargain by "flipping" and giving testimony favorable to the state against Martino. It is significant, in my view, that there was no tangible evidence  no documents, invoices, cancelled checks, memos, or other papers, electronic or telephonic evidence  to corroborate Novosel's testimony. Further, the two men Novosel claimed were the source of these drugs, Vilachao and Villanueva, did not testify at trial.
Recently a panel of this court  in fact the same panel as the present case  affirmed a criminal conviction where the accused argued the trial court reversibly erred by allowing the state to cross-examine the defendant at trial concerning the defendant's prior criminal record. See Rogers v. State, 964 So.2d 221 (Fla. 4th DCA 2007). In Rogers, the defendant testified on direct that he had pled no contest in his thirteen prior felony convictions "because he was guilty." Obviously, the intent works to create the inference that he went to trial in this case because he was innocent. On cross, the state was allowed to conduct limited questioning into the prior convictions, beyond the number of convictions and whether any involved dishonesty. § 90.610, Fla. Stat. (2006). We held in Rogers that a very limited exception to this rule exists when the defendant takes the stand and tries to do "spin control" by so testifying why he pled out thirteen times before. While the state was not allowed to go into all the details of the prior crimes, we held that in this scenario, the state could properly elicit that in each of the prior cases, Rogers received a plea deal more favorable than the sentences he would otherwise have faced.
I find it difficult to reconcile the majority's holding here with Rogers. It seems to me if the state is allowed such latitude regarding prior convictions, the defense should certainly be allowed to bring out the details, not of Novosel's prior crime, but rather the similarity of his giving favorable prosecutorial testimony for a more lenient sentence in the prior case, just as he did here. As the majority has correctly noted: "A criminal defendant has a constitutional right to full and fair cross-examination to show a witness' possible bias or motive to be untruthful." I would reverse for a new trial.