987 So.2d 1241 (2008)
Daniel OCHACHER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2494.
District Court of Appeal of Florida, Fourth District.
August 13, 2008.
*1242 Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Daniel Ochacher timely appeals a conviction for felony driving under the influence. He argues that the trial court erred in allowing testimony about his suspended license at the time of the charged offense. Ochacher claims that the fact he was driving with a suspended license was not probative of whether he was driving under the influence.
We affirm. Although the trial court abused its discretion in finding the probative value outweighed any prejudice, it was harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We agree with the harmless error standard set forth in DiGuilio, as explained in Judge Taylor's dissent, that it "is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test." The question is the effect of the impermissible evidence on the trier of fact. We examined the entire record and the evidence that the jury could have properly relied upon in reaching its verdict, as well as examining even more closely the impermissible evidence that possibly may have influenced the verdict. DiGuilio; Goodwin v. State, 751 So.2d 537 (Fla.1999). Nonetheless, we are of the view there is no reasonable probability the error contributed to the verdict.
Although admission of collateral crime evidence is presumptively harmful, it can be harmless if it can be said beyond a reasonable doubt that the error did not affect the verdict. See Czubak v. State, 570 So.2d 925 (Fla.1990). In Czubak the court held that evidence that a defendant was a convicted felon was not harmless because the case against him on the current *1243 charge was circumstantial. In Castro v. State, 547 So.2d 111 (Fla.1989), however, the court found that admission of collateral crime evidence was harmless beyond a reasonable doubt in light of the totality of the evidence and defendant's confession. Thus, the totality of the evidence must be reviewed in any harmless error analysis.
The evidence presented by the state is summarized as follows: Lieutenant Kaplan testified that he observed Ochacher's car make an erratic swerve and later hit the median twice. Officer Dorfman testified that upon making contact with Ochacher, he noticed that Ochacher was staggering, slurred his speech, had bloodshot watery eyes, and had the odor of alcohol on his breath. Ochacher told the officer that he had four to six beers and couldn't drive. Ochacher was unsure of where he was coming from as he told two officers two different bars. Furthermore, Officer Dorfman watched Ochacher fall forward a couple of times and stumble while he spoke with him. While conducting field sobriety tests, Officer Dorfman testified that Ochacher stepped off the line a few times in the walk-and-turn test, failed to walk heel to toe, turned right instead of left, failed to take the required number of steps, failed to count the way he was instructed to, swayed, put his foot down many times on the one-legged stand exercise, and was told to stop the exercise for his safety. At that point the officers placed him under arrest. He was asked to take a breath test and refused. After presentation of the state's case, the defense presented no witnesses and rested.
The state's three brief references to the suspended license charge in closing argument, interspersed through seventeen pages of closing, appear as follows:
The defendant in his poor judgment did in his lack or inability to have any judgment gets behind the wheel of a vehicle under the influence of alcohol, decides to drive while his license is suspended.
. . . .
[G]etting behind the wheel of a vehicle knowing your license is suspended having two, three, four, five, six beers, admitting to Officer Dorfman I can't drive, that is an inability to make judgments.
. . . .
He decided to drive a vehicle with his license suspended, drive down University Drive at 1:00 o'clock in the morning almost causing his vehicle to flip. . . .
The direct observation of the officers was not contradicted by any other evidence, nor did the defense present any theory of defense other than to attack the observations of the officers. As in Castro, we conclude that under the totality of the evidence and the direct observations of the defendant by the officers, any error in admitting this evidence of defendant's suspended license was harmless beyond a reasonable doubt.
Affirmed.
WARNER, J., concurs.
TAYLOR, J., dissents with opinion.
TAYLOR, J., dissenting.
I respectfully dissent. The trial court clearly erred in admitting testimony that appellant was driving with a suspended license when he was arrested for driving under the influence. This collateral crimes evidence was irrelevant to the issue of impairment and was unduly prejudicial. Further, the error in admitting this evidence was not harmless.
Before trial, the court initially granted appellant's motion in limine to exclude evidence that appellant was driving with a suspended license when he was arrested for DUI. But, just before opening statements, *1244 the state persuaded the court to reverse its ruling. The state argued that driving on a suspended license demonstrated bad judgment and that bad judgment was an indication of an impaired driver. However, the fact that someone is driving under a suspended license does not tend to prove or disprove that he is driving under the influence. Moreover, any marginal relevance this evidence may have is far outweighed by its potential to prejudice the jury. Improperly admitted evidence of other crimes or bad acts is presumptively harmful "because of the danger that a jury will take the bad character or propensity to crime thus demonstrated as evidence of guilty of the crime charged." Robertson v. State, 829 So.2d 901, 913-914 (Fla.2002); Straight v. State, 397 So.2d 903, 908 (Fla. 1981); Peek v. State, 488 So.2d 52, 56 (Fla.1986); see also Ross v. State, 913 So.2d 1184, 1187-88 (Fla. 4th DCA 2005). This is especially true in a case like this, where the jury might speculate that the defendant's license was suspended because of a prior DUI.
In arguing that any error in admitting this license suspension evidence was harmless, the state asserts that it presented overwhelming evidence of appellant's impairment. However, the harmless error test "is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test." State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). Unless the state can prove beyond a reasonable doubt that the error did not contribute to the verdict, the error cannot be deemed harmless. Id. at 1138. Based on this record, which shows that the prosecutor commented three separate times during closing argument on appellant's decision to drive on a suspended license, I am not persuaded that this stringent burden has been met. I would therefore reverse appellant's conviction and order a new trial.