NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CURTIS EDWARD FOSTER,            )
                                 )
          Appellant,             )
                                 )
v.                               )          Case No.   2D14-1350
                                 )
STATE OF FLORIDA,                )
                                 )
          Appellee.              )
_____)

Opinion filed September 30, 2015.

Appeal from the Circuit Court for
Highlands County; William D. Sites,
Judge.

Howard L. Dimmig, II, Public Defender,
and Maura J. Kiefer, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa,
for Appellee.


KELLY, Judge.

          Curtis Edward Foster appeals from his judgment and sentences for

burglary of a conveyance, petit theft, and loitering or prowling.  Because we agree with

Foster that the trial court erred by admitting as impeachment evidence certified copies of his prior convictions, we reverse and remand for a new trial.

The charges against Foster arose after an officer saw him behaving in a suspicious manner near a parked vehicle at approximately 2:00 a.m. The officer stopped his marked patrol car and asked Foster what he was doing. Foster told the officer his sister lived nearby. He walked over to a house and knocked on the door but when the porch light turned on, Foster started to walk away. The officer got out of his car and made contact with Foster. During the encounter, the officer asked to conduct a search of Foster, which included reaching into his pockets. Foster consented to the search. Among the items found was a wallet containing a social security card that belonged to an individual who had reported it stolen. Foster told the officer he found the wallet.

At trial, the officer described Foster's arrest and his statement that he found the wallet. During cross-examination, the officer went on to testify that Foster had told him he found the wallet inside of a garbage can and that he was going to turn it in to police as found property. At this point, the State argued at the bench that because the defense introduced exculpatory statements during the officer's cross-examination, the State was entitled to introduce into evidence certified copies of Foster's eleven prior convictions. The State maintained that by cross-examining the officer about Foster's statements, the defense had opened the door to Foster's credibility in the same way as if Foster had testified. Defense counsel argued that because the State elicited part of Foster's conversation with police on its direct examination of the officer, that Foster was entitled to cross-examine the officer about other relevant statements made during the

conversation. The trial court agreed with the State and, over defense objection, admitted the certified copies of Foster's convictions into evidence under section 90.806(1), Florida Statutes (2013), which allows for the introduction of a defendant's prior convictions when he elicits his own exculpatory, hearsay statement through another witness during trial.

Generally, a defendant's out-of-court self-serving exculpatory statements are inadmissible hearsay. Lott v. State, 695 So. 2d 1239, 1243 (Fla. 1997). "[H]owever, where the state has 'opened the door' by eliciting testimony as to part of the conversation, [the] defendant is entitled to cross-examine the witness about other relevant statements made during the conversation." Guerrero v. State, 532 So. 2d 75, 76 (Fla. 3d DCA 1988). "The 'opening the door' concept is based on considerations of fairness and the truth-seeking function of a trial, where cross-examination reveals the whole story of a transaction only partly explained in direct examination." Bozeman v. State, 698 So. 2d 629, 631 (Fla. 4th DCA 1997).

Here, the record shows that it was the State that first elicited testimony from the officer that Foster said he found the wallet. Once the State presented a portion of Foster's statement, Foster was entitled to have the jury hear the remainder of his statement without fear of placing his credibility in issue. See id. Thus, the trial court erred in finding that defense counsel's cross-examination of the officer opened the door to Foster's impeachment by prior convictions.

We reject the State's argument that any error was harmless because the nature of Foster's prior convictions were not disclosed to the jury and the trial court gave a limiting instruction that the convictions were relevant only to Foster's credibility. The

harmless error test places the burden on the State to prove beyond a reasonable doubt that there is no reasonable possibility that the error contributed to the conviction. <u>State v. DiGuilio</u>, 491 So. 2d 1129, 1134 (Fla. 1986). Here, the State asked the jury to find that Foster stole the wallet because it was found on his person after a voluntary search. Because this case turned on Foster's credibility and whether the jury believed he found the wallet, we cannot say beyond a reasonable doubt that allowing the jury to learn of his prior criminal record did not contribute to the verdict. <u>See</u> <u>id.</u> Therefore, we reverse and remand for a new trial.

   Reversed and remanded.

CRENSHAW and BLACK, JJ., Concur.