DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WAYNE DWIGHT FARR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3814

[November 8, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 2015CF001932A.

Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

The issue presented for our review is whether the trial court erred in allowing the state to bring out the nature of appellant's prior convictions in cross-examination after appellant testified to the year in which he was charged for those crimes. We find that the trial court erred and as a result we reverse.[1]

Appellant was charged with possession of cocaine and drug paraphernalia. Police officers conducted a traffic stop on appellant's vehicle. After appellant refused consent to search the vehicle, the officers called for a K-9 unit. Subsequently, the dog alerted to the rear passenger side of the vehicle. The officers discovered a glue tube with thirty-three crack cocaine rocks on the floorboard behind the driver's seat within arm's reach of appellant. After receiving his *Miranda* warnings, appellant denied owning the vehicle.

---

[1] Appellant also claims that the evidence presented at trial was legally insufficient. We find this issue to be without merit.

Appellant testified in his defense.  The parties agreed appellant had been previously convicted of a felony or crime of dishonesty four times. Before appellant testified, the trial court instructed appellant that when asked how many times he had been convicted of a felony or crime of dishonesty, appellant was to answer "four."  He was told that if he answered differently, he would open the door to allowing the state to put the prior convictions in.

The following exchange ensued when appellant testified:

Q Okay.  *And you've had four, uh, felony crimes or crimes of dishonesty?*

A *Yes sir, in 2010.*

Q Okay. Well -

[THE STATE]: Uh, Your Honor, may we approach?

THE COURT: Yeah.

(Bench conference}

[THE STATE]: He got out of DOC in 2013.

THE COURT: *Now he's opened the door.*

[THE STATE]: Thank you.

{End of bench conference)

THE COURT: Any more questions?

[DEFENSE COUNSEL]: One moment, Judge. (Pause)

BY [DEFENSE COUNSEL]:

Q Okay Mr. Farr, I know we asked you some questions about your past.  That case originated in 2010?

A Yes sir.

Q Okay. And there's two separate cases?

2

A Yes sir.

Q Okay. And they each had two separate felonies each?

A Yes sir.

Q Or crimes of dishonesty?

A Yes sir.

Q For a total of four?

A Yes sir.

Q And those two cases were in 2010, that's when they started, correct?

A Yeah.

[THE STATE]: Judge, objection, leading.

THE COURT: Uh, sustained.

BY [DEFENSE COUNSEL]:

Q What year were those cases initiated?

A Uh, one was in - well, they both was in 2010.

(emphasis added).

During cross-examination, the state elicited testimony as to the nature of appellant's prior convictions:

Q Uh, 2010, I want to refresh your recollection.

A Yes ma'am.

Q Actually it's 2013 – I'm showing you what's –these are what's called judgment and sentences, they're certified copies, if you can see at the bottom. Do you know what that means?

A No, I'm not a lawyer.

Q That's okay, I'm gonna explain it to you.

A Okay.

Q These certified copies of judgment and sentences show that your convictions are in 2013.

A Okay. I - I know I caught my charges in 2010, I was done with my sentence in 2013.

Q And what were those charges for?

A Uh, one was –

[DEFENSE COUNSEL]: *Judge, objection.* Asked and answered. Direct - *direct did not open the door that far.*

THE COURT: I'll overrule the objection.

BY [THE STATE]:

Q What were those convictions for?

A Uh, I had burglary of a dwelling unoccupied, I had, uh, grand theft, and I had a - no, *I had two burglaries of a grand - of an unoccupied dwelling and I had two grand thefts.*

Q In 2013?

A I was done with my sentence in 2013.

(emphasis added).

The jury ultimately found appellant guilty as charged. Appellant moved for a new trial, asserting that the trial court erred in allowing the state to inquire into the nature of his prior convictions because he did not mislead the jury when testifying about his prior crimes. The trial court denied the motion and adjudicated appellant guilty. This appeal follows.

We review evidentiary rulings concerning a defendant's prior convictions for abuse of discretion. *Tilus v. State*, 121 So. 3d 1145, 1149 (Fla. 4th DCA 2013).

4

Generally, impeachment by prior convictions "is restricted to determining if the witness has previously been convicted of a crime, and if so, how many times." *Ross v. State,* 913 So. 2d 1184, 1186 (Fla. 4th DCA 2005); *see also* § 90.610, Fla. Stat. (2016). The prosecutor is generally "not allowed to delve into the nature of a defendant's prior convictions or the circumstances surrounding them." *Ross,* 913 So. 2d at 1186. "An exception exists, however, when the defendant attempts to mislead the jury about the prior convictions by, for example, trying to minimize them. In such a case, the state is entitled to inquire further regarding the convictions to dispel any false impression given." *Id.* at 1187. *See also Baker v. State,* 102 So. 3d 756, 759 (Fla. 4th DCA 2012) ("When a defendant tries to characterize his or her prior convictions in a favorable light at trial, the defendant is considered to have 'opened the door' and the state is 'entitled to inquire further regarding the convictions to attempt to dispel any misleading impression.'") (quoting *Rogers v. State,* 964 So. 2d 221, 223 (Fla. 4th DCA 2007)).

*Baker* is instructive. In that case, the defendant testified that he did not stop when the officer activated his lights because he had prior bad experiences with the police based on what he perceived to be "profiling." *Id.* at 758-59. Finding that the defendant opened the door, the trial court allowed the state to elicit testimony that the defendant had been previously arrested for possession of marijuana. *Id.* at 759. This court found that the defendant opened the door only to the fact that he had been previously arrested, not the nature of the arrests. *Id.* We explained: "Because [the defendant] suggested that his prior experiences with the police motivated his conduct in this case, the state was entitled to explore the details of the prior contacts in cross examination to test the veracity of his story." *Id.* However, the defendant's "testimony did not give the state latitude to delve deeper into the specific nature of [the defendant's] prior arrests" because that "had nothing to do with how the police treated him during these encounters, experiences which he claimed as motivation for his actions in this case." *Id.* at 760.

Further, in *Ross,* the defendant testified he had prior felony convictions and that he pled guilty to those felonies because he was guilty of the charges. 913 So. 2d at 1186. Over objection, the trial court allowed the prosecutor to elicit testimony that the defendant had been previously charged with possession of cocaine, robbery, and theft, and that he received favorable plea offers by pleading to those charges. *Id.* This court found the trial court erred in admitting evidence concerning the nature of the defendant's prior convictions. *Id.* at 1187-88. The defendant's testimony "amounted to nothing more than an implied assertion of innocence on his current charges." *Id.* at 1188. Any relevance that his

plea to prior offenses was motivated by a favorable plea offer, as opposed to a sense of guilt, was outweighed by potential prejudice, particularly when the prior charge was similar to the current charge. *Id.* at 1187-88.

As in *Baker*, although appellant's testimony opened the door, it did not open it so far as to admit the nature of the prior convictions. Appellant testified that he had four prior felonies or crimes of dishonesty "in 2010." Assuming this testimony was misleading, it was misleading only insofar as it created the false impression that appellant had not been in trouble with the law in six years. Opening the door is not an all-or-nothing concept. Rather, a court must consider "how wide" the defendant opens the door. *Id.* at 1187. By testifying as to the date of the offenses, appellant opened the door only as to the dates of convictions in the prior offenses. Eliciting testimony as to the nature of the crimes, that being two counts each of burglary and grand theft, did nothing to dispel the misleading impression created on direct examination as to the timing of those offenses. Simply put, the nature of appellant's prior convictions was not necessary to negate or dispel any false or misleading impression.

Having established error, the next issue is whether the error is harmless. Under the harmless error test, "the state, as the beneficiary of the error, [must] prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." *State v. DiGuilio*, 491 So. 2d 1129, 1135, 1138 (Fla. 1986). "The erroneous admission of collateral crimes evidence is presumptively harmful." *Ross*, 913 So. 2d at 1188. "Evidence that suggests a defendant has committed other crimes or bad acts can have a powerful effect on the results at trial." *Bozeman v. State*, 698 So. 2d 629, 631 (Fla. 4th DCA 1997). This is particularly true here where, after finding appellant opened the door, the court permitted evidence of appellant's convictions for grand theft and burglary of a dwelling. Such evidence was an impermissible attack on appellant's credibility. *See Ross*, 913 So. 2d at 1186; § 90.610, Fla. Stat.

Additionally, the issue in this case basically boiled down to the credibility of appellant's defense that he did not know the drugs were in the car. Where a case turns on the defendant's credibility, it cannot be said that the error is harmless. *Bain v. State*, 422 So. 2d 962, 962 (Fla. 4th DCA 1982); *Livingston v. State*, 682 So. 2d 591, 592 (Fla. 2d DCA 1996); *Foster v. State*, 182 So. 3d 3, 5 (Fla. 2d DCA 2015). As such, we reverse and remand.

*Reversed and remanded.*

GERBER, C.J., and MAY, J., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*