GREEN, Judge.
The appellant, Sharon Hill, challenges her conviction and sentence for battery on a law enforcement officer. We affirm her conviction without further discussion. However, because the state failed to provide documentation to support the allegation that the appellant was released from prison within three years from the date of this new offense, we reverse her sentence of five years of imprisonment as a prison releasee reoffender and remand for resen-tencing.
First, appellant claims that the prison releasee reoffender statute is unconstitutional. We note that this argument was rejected and the statute was held to be constitutional in Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999).
Next, appellant argues that the state failed to provide documentation to support the allegation that she was released from prison within three years of her new offense of battery on a law enforcement officer. Section 775.082(9)(a)l., Florida Statutes (Supp.1998), provides: “‘Prison releasee reoffender’ means any defendant who commits, or attempts to commit ... [a]ny felony that involves the use or threat of physical force or violence against an individual ... within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.”
The appellant is correct that the state did not present any documentation supporting the state’s allegation that the appellant was released from prison in March 1996. At the sentencing hearing, defense counsel specifically argued that no proof was shown that appellant was released from prison within three years of commission of this new crime and that appellant did not agree that she qualified as a prison releasee reoffender. Additionally, no such documentation appears in the record on appeal.
Since the state did not properly demonstrate that appellant was released from a state correctional facility within three years of the commission of her new offense of battery on a law enforcement officer and therefore qualified as a prison releasee reoffender, we reverse and remand the appellant’s sentence. On remand, the trial court may again impose the prison releas-ee reoffender sentence if the state provides the proper documentation to demonstrate that the appellant qualifies as a prison releasee reoffender. See Hamilton v. State, 746 So.2d 512 (Fla. 2d DCA 1999) (allowing trial court on remand to reimpose prison releasee reoffender sentence if state presents evidence that defendant qualifies as such).
Affirmed in part; reversed and remanded in part.
CAMPBELL, A.C.J., and ALTENBERND, J., Concur.