948 So.2d 877 (2007)
Arselio GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3684.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
Sean Conway of Law Offices of Sean Conway, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Gonzalez was convicted of carjacking, aggravated fleeing, and trespassing. We affirm and write solely as to one impeachment issue on appeal.
*878 Officer Grieve testified as to his chase of Gonzalez and the co-defendant:
Grieve: As we get out of the car, I drew my weapon out and ordered them to the ground. One of them, Gonzalez it was, got over the fence and was actually trying to conceal himself under the trailer.
* * *
State: Did you also have an occasion, at some point while making contact with Mr. Gonzalez, did he make any comments to you about his detention or his arrest?
Grieve: Yeah. When me and Officer Wollard took him from underneath the trailer, he did make a comment saying, wow, you guys are fast.
No objection was made at that point. During the cross-examination of Grieve, defense counsel asked him what else Gonzalez had said, and Grieve read the following part of his deposition: "I do not want to say cocky. Like, his first statements were wow, you guys are fast, like that. And then later on at the hospital, he was insistent that we didn't have the right people and I had nothing to do with it, it was basically what he was saying."
Based on the cross-examination, the state sought to have the jury instructed as to Gonzalez's four prior felony convictions. The court allowed the impeachment. The court also instructed the jury that the information "is to be utilized only by you in consideration of determining the credibility of the statements that are attributable to Mr. Gonzalez and Mr. Gonzalez only. Understand that it has nothing to do with any other factor in this case."
A non-testifying defendant who brings out his or her own exculpatory statements through another witness, "runs the risk of having those statements impeached by felony convictions." Kelly v. State, 857 So.2d 949, 950 (Fla. 4th DCA 2003) (citation omitted). See also Fisher v. State, 924 So.2d 914 (Fla. 5th DCA 2006)(citing Huggins v. State, 889 So.2d 743 (Fla.2004)); Llanos v. State, 770 So.2d 725 (Fla. 4th DCA 2000); Werley v. State, 814 So.2d 1159 (Fla. 1st DCA 2002).
In this case, because the defense elicited Gonzalez's own statement, intended to be exculpatory, through Grieve, the trial court did not abuse its discretion in admitting Gonzalez's past felony convictions and in giving a limiting instruction as to same.
As to all other issues, we also find no reversible error or abuse of discretion.
TAYLOR, J. and COLBATH, JEFFREY, Associate Judge, concur.