983 So.2d 1196 (2008)
Luman BODIE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1662.
District Court of Appeal of Florida, Second District.
May 2, 2008.
Rehearing Denied June 23, 2008.
*1197 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
A jury convicted Luman Bodie of capital sexual battery, § 794.011(2), Fla. Stat. (2001), and burglary while armed with a dangerous weapon, § 810.02, Fla. Stat. (2001). Bodie challenges his convictions on several grounds, but we find no error and affirm the convictions without further discussion. Bodie also contends that he was improperly sentenced as a prison releasee reoffender, § 775.082(9), Fla. Stat. (2001). On this point he is correct. We reverse the sentences and remand for further proceedings.
It is the State's burden to prove, by a preponderance of the evidence, that a defendant qualifies as a prison releasee reoffender. § 775.082(9)(a)(3). In Bodie's case the State's evidence consisted of a certified computer record from the Florida Department of Corrections that showed dates of convictions, sentences imposed, and release dates for an inmate named Luman A. Bodie. The computer record did not contain fingerprints or a photograph of the named inmate.
When the State offered the printout into evidence, Bodie's counsel interjected that the court "needed fingerprints." The prosecutor countered that the documents contained sufficient identifying data to meet State's burden of proving that Bodie qualified for the enhanced sentencing. The court agreed and imposed PRR sentences. After commencing this appeal, Bodie filed a rule 3.800(b) motion again contending that the State had failed to prove he qualified for PRR sentencing. That motion was deemed denied after the court did not rule on it. Fla. R.Crim. P. 3.800(b)(2)(B).
The State failed to present evidence sufficient to prove that Bodie was the inmate named in the printout. Cf. Johnson v. State, 936 So.2d 672, 674 (Fla. 4th DCA 2006) (finding that although the State did not prove by fingerprints that prior convictions were those of the defendant, the records submitted contained a photograph of the defendant, which was sufficient to prove identity); Keith v. State, 844 So.2d 715, 716 (Fla. 2d DCA 2003) (noting that a certified copy of a judgment and sentence were sufficient to prove identity for purposes of PRR sentencing). As such, it failed to meet its statutory burden to prove that Bodie qualified as prison releasee reoffender.
We reverse Bodie's sentences. On remand, the court may resentence Bodie as a prison releasee reoffender only if the State presents additional evidence that meets its burden of proving he qualifies for such sentencing. See Hill v. State, 753 So.2d 602 (Fla. 2d DCA 2000).
Affirmed in part, reversed in part, and remanded.
SILBERMAN and VILLANTI, JJ., Concur.