989 So.2d 755 (2008)
Lynn E. PRINCE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2703.
District Court of Appeal of Florida, Second District.
September 12, 2008.
Lee Adam Cohen of McDonald, Shearer, & Cohen, P.A., Lakeland, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Lynn Prince appeals his judgments and sentences for two counts of aggravated assault with a deadly weapon and one count of resisting arrest without violence. We affirm all three of Prince's convictions and his sentence on the resisting conviction without further comment. However, we reverse Prince's sentences on the two aggravated assault convictions and remand for further proceedings.
Prince's aggravated assault convictions arose from a road rage incident that occurred between Prince and two police officers in an undercover vehicle. At sentencing, the State sought to have Prince sentenced as a prison releasee reoffender (PRR) pursuant to section 775.082(9), Florida Statutes (2006). In support of its request for PRR sentencing, the State offered into evidence a certified computer record from the Department of Corrections that contained the dates of convictions, sentences imposed, and release dates for an inmate named Lynn E. Prince. However, this record did not contain either fingerprints or a photograph of the Lynn E. Prince to which it pertained.
*756 When the State offered the certified computer record into evidence, defense counsel objected, stating, "[T]here's no indication that those records apply to this Lynn Prince." Defense counsel also pointed out that while the computer record "may be self-authenticating, and it's to an individual named Lynn Prince ... [that] [d]oesn't mean it's this individual. And there's no  there's no photographs, there's no fingerprints, nothing else to prove that.... [T]he State hasn't met its burden of proof." Despite this argument and the State's failure to present any other evidence to establish that the certified computer record pertained to Prince, the trial court sentenced Prince to five years in prison as a PRR on each of the two aggravated assault convictions.
Recently, this court reversed a PRR sentence imposed in a case with nearly identical facts. In Bodie v. State, 983 So.2d 1196, 1197 (Fla. 2d DCA 2008), the State sought to have Bodie sentenced as a PRR. The State's sole evidence to establish that Bodie qualified as a PRR was "a certified computer record from the Florida Department of Corrections that showed dates of convictions, sentences imposed, and release dates for an inmate named Luman A. Bodie." Id. However, "[t]he computer record did not contain fingerprints or a photograph of the named inmate." Id. Bodie's counsel objected to the State's reliance on the computer record, arguing that the court "needed fingerprints" to use the computer record to establish that Bodie qualified as a PRR. Id. However, the trial court determined that the identifying data in the computer record was sufficient to establish that the record related to Bodie, and it imposed a PRR sentence.
On appeal, this court held that "[t]he State failed to present evidence sufficient to prove that Bodie was the inmate named in the printout." Id. This court cited to Johnson v. State, 936 So.2d 672 (Fla. 4th DCA 2006), for the proposition that the State must present some evidenceeither fingerprints or a photographto establish that the defendant is, in fact, the person referenced in the computer record. Bodie, 983 So.2d at 1197. Because the State had failed to present such evidence, "it failed to meet its statutory burden to prove that Bodie qualified as a prison releasee reoffender." Id.
Here, as in Bodie, the State offered no evidence, whether fingerprints or a photograph, to connect the Lynn Prince before the court for sentencing to the Lynn E. Prince identified in the certified computer record. Thus, as it did in Bodie, the State in this case has failed to meet its burden to prove that Prince qualified as a PRR. See § 775.082(9)(a)(3) (requiring the State to prove by a preponderance of the evidence that the defendant is a PRR as defined before the trial court may sentence the defendant as such). Therefore, we reverse the PRR sentences imposed by the trial court and remand for resentencing.
Prince also argues that the State should be precluded on remand from presenting further evidence to prove that he qualified as a PRR, citing to Collins v. State, 893 So.2d 592, 594 (Fla. 2d DCA 2004), for the proposition that the State is not entitled to a second opportunity to prove that a defendant qualifies for enhanced sentencing when the defendant objected to the sufficiency of the State's evidence at the initial sentencing hearing. However, the supreme court recently quashed this court's Collins decision in State v. Collins, 985 So.2d 985, 989 (Fla.2008), and held that the State may offer additional evidence on remand to prove that a defendant qualifies for enhanced sentencing even when the defendant objects to the State's evidence during the initial sentencing hearing. *757 Therefore, on remand, the State should be given the opportunity to offer additional evidence to prove that Prince qualifies as a PRR.
Affirmed in part, reversed in part, and remanded for further proceedings.
FULMER and DAVIS, JJ., Concur.