SILBERMAN, Judge.
 

 Dave West appeals his judgment and thirty-year sentence as a prison releasee reoffender (PRR) for robbery with a weapon. We affirm the conviction without discussion but reverse the PRR sentence and remand for resentencing.
 

 We agree with West’s contention that the State failed to meet its burden to prove by a preponderance of the evidence that West qualified as a PRR pursuant to section 775.082(9), Florida Statutes (2006). We reject the State’s contention that by not filing a written objection West waived his objection to the State’s evidence.
 

 At the sentencing hearing, the State presented what it referred to as a certified “time and crime sheet” from the Florida Department of Corrections (DOC) to establish West’s last release date from prison. The certified DOC record that the State presented contains no fingerprints or photographs. Defense counsel objected, stating that
 

 there is no one here to testify that the person listed in those documents is in fact the same person that you have in front of you here today for sentencing. There is no one here to testify that the person here to be sentenced by you today has the same fingerprints as the person who was released from the Department of Corrections in those documents.
 

 Later, defense counsel asserted that he was still making the objections that he had made earlier. The court replied, “The record so reflects.” It is thus clear that defense counsel preserved his objection regarding the lack of fingerprint evidence to establish West was the inmate listed in the DOC certified record.
 

 Turning to the merits, this court has addressed the issue of proof of identity for PRR purposes in
 
 Bodie v. State,
 
 983 So.2d 1196 (Fla. 2d DCA 2008). There, the State presented a certified computer record from the DOC in a PRR sentencing hearing to show convictions and release dates. Bodie’s counsel objected based on the lack of fingerprints. This court noted
 
 *1035
 
 that “[t]he computer record did not contain fingerprints or a photograph of the named inmate.”
 
 Id.
 
 at 1197. We determined that “[t]he State failed to present evidence sufficient to prove that Bodie was the inmate named in the printout.”
 
 Id.
 
 Thus, we reversed the PRR sentence and remanded for resentencing.
 
 Id.
 
 In
 
 Prince v. State,
 
 989 So.2d 755, 756 (Fla. 2d DCA 2008), this court, relying on
 
 Bodie,
 
 again determined that the State failed to meet its burden to prove that the defendant qualified as a PRR when the certified computer record from the DOC contained no fingerprints or photograph to connect the defendant before the court for sentencing with the inmate named in the computer record.
 

 Thus, based on
 
 Prince
 
 and
 
 Bodie,
 
 we reverse West’s thirty-year sentence as a PRR for robbery with a weapon and remand for resentencing. At resentencing, the State may offer additional evidence to prove that West qualifies as a PRR.
 
 See Prince,
 
 989 So.2d at 756-57 (citing
 
 State v. Collins,
 
 985 So.2d 985, 989 (Fla.2008)).
 

 Affirmed in part, reversed in part, and remanded.
 

 CASANUEVA, C.J., and DAVIS, J., Concur.