PER CURIAM.
 

 The appellant, Eric Brooks, appeals his judgment and sentence. He makes several arguments on appeal, only one of which merits discussion. He argues that, on re-sentencing, the State failed to present sufficient evidence of his prior convictions to prove that he qualified as a habitual felony offender. We agree and reverse and remand for resentencing. We otherwise affirm the appellant’s conviction.
 

 The appellant was initially convicted of felony battery and sentenced as a habitual violent felony offender. Thereafter, he filed two motions pursuant to Florida Criminal Procedure Rule 3.800(b), which the trial court dismissed and denied respectively. He then filed a third rule 3.800(b) motion alleging that the State relied on an invalid sentence to prove he qualified as a habitual violent felony offender. Specifically, he argued the State offered evidence of an invalid sentence that was vacated by this Court in
 
 Brooks v. State,
 
 846 So.2d 1244 (Fla. 1st DCA 2003).
 

 The State conceded error as to the invalid judgment and sentence, agreed that the appellant no longer qualified as a habitual violent felony offender, and sought to have the appellant resentenced as a habitual felony offender. At the resen-tencing hearing, the State relied on documents entered into evidence at the previous sentencing hearing to prove the appellant qualified as a habitual felony offender. Over defense counsel’s objection, the trial court reviewed the transcript of the previous sentencing hearing and relied on the previously introduced evidence to declare the appellant a habitual felony offender. The appellant was again convicted of felony battery and sentenced as a habitual felony offender.
 

 On appeal, the appellant argues that it was error for the State to rely on the evidence introduced at the sentencing hearing to prove that he qualified as a habitual felony offender on resentencing. The State concedes error and asks this Court to remand for resentencing.
 
 See Rich v. State,
 
 814 So.2d 1207 (Fla. 4th DCA 2002) (holding that, on resentencing following reversal, the State was required to introduce evidence to prove the defendant qualified for an enhanced sentence and could not only rely upon evidence introduced at a prior sentencing hearing). Accordingly, we reverse the appellant’s habitual felony offender sentence and remand for resentencing.
 

 AFFIRMED in part, REVERSED in part, REMANDED for resentencing.
 

 WEBSTER, LEWIS, and ROBERTS, JJ., concur.