CONNER, J.
 

 Richard Moncus appeals his conviction for aggravated assault with a deadly weapon. He claims the trial court erred in admitting evidence of his post-arrest conduct and in finding a witness competent to testify. Moncus also argues the trial court erred in allowing the State to enter into evidence certified copies of prior convictions without requiring the State to prove he is the same person named in the prior judgments. We affirm on the first two issues without comment. We also affirm on the last issue but write to clarify that the burden of proof needed to establish the admissibility of prior convictions is dependent on the purpose for admitting those convictions.
 

 At trial, the State called the arresting officer, who testified that Moncus was verbally resistant and extremely aggravated when he was arrested. On cross-examination, defense counsel asked the officer “Isn’t it true that he was more resistant because he stated he didn’t do anything wrong?” The officer responded, “That’s correct. He denied everything.” After the officer was excused, the State announced its intent to introduce evidence of Moncus’s six prior felony convictions and one prior crime of dishonesty as a result of defense counsel’s eliciting exculpatory hearsay statements of Moncus on cross-examination. Also, the state announced that if defense counsel would not stipulate to the prior convictions, it intended to call an expert witness to establish that the fingerprints on seven judgments matched Moncus’s fingerprints. Defense counsel objected on grounds the fingerprint expert was not disclosed as a possible witness prior to trial. The State then announced its intent to introduce the certified copies of the prior judgments without calling a witness. Defense counsel objected, arguing that 1) certified copies of prior judgments could not be introduced without a proper predicate and foundation and 2) the State was required to prove that Moncus and the person named on the judgments were the same person. The trial court held that certified convictions did not need any additional authentication, and the State did not need to introduce further evidence of identity unless Moncus introduced evidence to rebut that the person named in the judgments is Moncus. The State then introduced the certified copies of the prior judgments into evidence. No further evidence was taken regarding the convictions from either party. The State referred to the prior convictions repeatedly during closing argument.
 

 Moncus does not contest the State’s right to attack his credibility after eliciting exculpatory hearsay, even though he chose not to testify.
 
 Kelly v. State,
 
 857 So.2d 949 (Fla. 4th DCA 2003). Evidence of a prior felony conviction or crime of dishonesty is admissible for impeachment under section 90.610(1), Florida Statutes (1995).
 
 *343
 
 Further, the trial court was correct in holding that a certified copy of a judgment does not need further authentication to be admitted into evidence. A certified copy of an official public record is self-authenticating under section 90.902(4), Florida Statutes (2003), and needs no additional foundation other than what is required for a valid certification in that subsection. However, Moncus argues that the State was required to produce competent evidence that the prior convictions were in fact his prior convictions when Moncus raised the issue of lack of identity. He asserts that instead, the trial court erred by shifting the burden of proof from the State to him to disprove the validity of the prior convictions.
 

 Moncus relies on
 
 Lyons v. State,
 
 823 So.2d 250 (Fla. 4th DCA 2002), in which the defendant challenged the addition of fourteen points to his scoresheet for a prior conviction he claimed was not his. The defendant raised the challenge for the first time in a motion to correct sentencing error. The state argued that while it might have the burden of proving the prior conviction at sentencing, the defendant had the burden of proof after sentencing. Reversing, the court held that the state had the burden of producing competent evidence of a disputed conviction at all times.
 
 Id.
 
 at 251;
 
 see also Brown v. State,
 
 695 So.2d 1295 (Fla. 2d DCA 1997) (state must produce competent evidence when a defendant challenges prior convictions at sentencing).
 

 When the State must establish the existence of a prior conviction to prove an essential element of an offense, merely introducing a judgment, which shows identity between the name on the prior judgment and the name of the defendant, is insufficient.
 
 Mason v. State,
 
 853 So.2d 544, 545 (Fla. 1st DCA 2003). Instead, the State must present affirmative evidence that the defendant and the person named on the prior judgment are the same person.
 
 Miller v. State,
 
 573 So.2d 405, 406 (Fla. 2d DCA 1991). This requirement is rooted in the requirement that the State prove the defendant guilty of every element of the offense beyond a reasonable doubt.
 
 Gravatt v. United States,
 
 260 F.2d 498 (10th Cir.1958). In contrast, a trial court can rely on nothing but certified copies and official court records at sentencing to determine, for example, whether a defendant qualifies for an enhanced sentence.
 
 Moore v. State,
 
 944 So.2d 1063 (Fla. 4th DCA 2006);
 
 Slade v. State,
 
 898 So.2d 120 (Fla. 4th DCA 2005). As due process does not require a prior conviction to be proven beyond a reasonable doubt when it is not an element of the offense,
 
 see Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000);
 
 Roberts v. State,
 
 559 So.2d 289, 291 (Fla. 2d DCA 1990), only a preponderance of the evidence standard applies. This lesser burden of proof can be satisfied by merely showing name identity.
 
 See Singh v. Holder,
 
 379 Fed.Appx. 578 (9th Cir.2010) (name identity without rebuttal evidence is sufficient to meet clear and convincing evidence standard of deportation proceeding).
 

 Here, the State did not introduce the certified copies of Moncus’s past convictions at trial to establish an essential element of an offense or to establish a sentence enhancement, but to impeach Moncus’s character. Whether or not the past convictions were in fact Moncus’s was an issue of fact. Preliminary questions of fact concerning the admissibility of evidence are determined by the trial court. § 90.105(1), Fla. Stat. (1995). The burden of proof is on the offering party to prove the disputed fact by a preponderance of the evidence.
 
 Romani v. State,
 
 542 So.2d 984, 985 n. 3 (Fla.1989). Therefore, when introducing evidence of past convictions for
 
 *344
 
 impeachment purposes, a party need prove name identity only by a preponderance of the evidence.
 

 In this case, the State introduced seven certified copies of prior judgments. Although not all of the judgments bear the name “Richard Holt Moncus II,” they bear slight variations such as “Richard Holt Moncus,” “Richard H. Moncus,” or “Richard Moncus.” Many have either dates of birth, social security numbers, or both, which are identical to Moncus’s and to each other. “Where two names are presented ... the inference that they designate the same individual is strong in proportion as to the difference between the two are slight; and ... the inference of identity is weak as the points of difference between the two names are numerous and marked.”
 
 Johnston v. State,
 
 65 Fla. 492, 62 So. 655, 656 (1913). When Moncus declined to introduce any evidence to disprove identity, the trial court was entitled to rely on the strong inference created by the similarities between Moncus’s name and the names on the prior judgments and hold that the State met its burden to demonstrate name identity without introducing additional evidence.
 

 Affirmed.
 

 WARNER and LEVINE, JJ., concur.