MARSTILLER, J.
 

 Theodore Freeman appeals his convictions and sentences for sale of cocaine within 1,000 feet of a church and possession of cocaine. He argues the trial court abused its discretion in admitting evidence of his three prior felony convictions to impeach him. He acknowledges case law permitting the court to admit such impeachment evidence when a non-testifying defendant introduces his own out-of-court exculpatory statement(s) through another witness. But, he argues, the evidence he elicited while cross-examining a prosecution witness was not an exculpatory statement, and the evidence of his prior convictions was unduly prejudicial. We disagree and affirm.
 

 The charges against Freeman arose from an undercover drug buy initiated by law enforcement officers and facilitated by Freeman’s co-defendant, Samuel Rhone. The officers told Rhone they wanted to buy $30 worth of crack cocaine. Rhone took them to a building thirty feet away from a church. With $30 in marked money the officers gave him, Rhone went into the building and returned with three pieces of crack. On the officers’ signal, a “takedown team” arrived on the scene, arrested Rhone, entered the house with permission, and eventually arrested Freeman. Rhone identified Freeman as the person who sold him the crack, and when arresting officers searched Freeman, they found the $30 in marked money in his pocket.
 

 At trial, Rhone again identified Freeman as the man who sold him the three pieces of crack. His was the only direct testimony that Freeman made the sale. Freeman’s defense was that he did not do it. In opening statement, defense counsel told the jury no one disputed that the sale occurred, but “What we do vehemently deny is that Mr. Freeman was the person that did that,” and “what we’re disputing is that Mr. Freeman had anything to do with it or that he made this sale.”
 

 Several of the law enforcement officers involved in the undercover drug buy and the subsequent takedown testified. Detective S.L. Brown testified it was he to whom Rhone, after being advised of his
 
 Miranda
 
 rights, identified Freeman as the person who sold him crack. On cross-examination, defense counsel asked:
 

 
 *125
 
 Q. Okay. And you said your role was to interview Mr. Freeman, right?
 

 A. Yes.
 

 Q. You interviewed both him and Mr. Rhone, right?
 

 A. Yes, I did.
 

 Q. Okay. And you read Mr. Freeman his
 
 Miranda
 
 rights?
 

 A. Yes.
 

 Q. And he denied everything?
 

 A. Yes.
 

 The State argued that by eliciting testimony from Detective Brown indicating Freeman denied selling crack to Rhone, the defense had opened the door to impeaching Freeman with evidence of his prior felony convictions. The court deferred ruling on the State’s request until it knew whether Freeman would take the stand. When Freeman later decided not to testify, the court, relying on
 
 Werley v. State,
 
 814 So.2d 1159 (Fla. 1st DCA 2002), ruled that the State could impeach Freeman with his prior convictions. The court informed the jury:
 

 [T]he State of Florida and the defendant and his attorney ... stipulate to the following: The defendant, Theodore Michael Freeman, has been convicted of three prior felonies. Now, ladies and gentlemen, that evidence of prior convictions should be considered only for the purpose of assessing the defendant’s credibility of statements he allegedly made that were related by a witness and are not to be considered as proof of guilt for the charged offense.
 

 Under the Evidence Code, one can impeach a hearsay statement with any evidence that could be used to impeach in-court testimony. § 90.806(1), Fla. Stat.
 
 See
 
 § 90.610(1), Fla. Stat. (permitting impeachment by evidence of prior felony convictions). The State can use a defendant’s prior convictions to impeach exculpatory hearsay statements of a defendant who does not testify but gets the statements into evidence through another witness.
 
 See Huggins v. State,
 
 889 So.2d 743, 756 (Fla.2004);
 
 Werley,
 
 814 So.2d at 1163.
 
 See also Gonzalez v. State,
 
 948 So.2d 877, 878 (Fla. 4th DCA 2007);
 
 Fisher v. State,
 
 924 So.2d 914, 916-17 (Fla. 5th DCA 2006).
 

 In
 
 Werley,
 
 we approved admission of the appellant’s six prior felony convictions to impeach his exculpatory hearsay statements. The appellant was on trial for aggravated battery on his wife. In opening statements, defense counsel told the jury the appellant accidentally hit his wife in the face, and that she would testify he apologized for hitting her, helped her care for her bloodied nose, and advised her not to swallow the blood. 814 So.2d at 1162. The wife indeed testified on direct examination by the prosecutor that the hit was accidental. And on cross-examination by defense counsel, she testified, “he said I’m sorry” and described the post-injury scene exactly as laid out by defense counsel in opening statements.
 
 Id.
 
 As Freeman does here, the appellant in
 
 Werley
 
 asserted his hearsay statements were not exculpatory and did not warrant impeachment by prior convictions. We disagreed, reasoning that the statements squarely went to prove the appellant’s defense that the hit was accidental, not intentional.
 
 Id.
 
 at 1162-63.
 

 The same is true of the testimony Freeman’s counsel elicited from Detective Brown to the effect that Freeman denied involvement in the drug sale. It is inconsequential that the detective did not testify, e.g., “The defendant told me he did not sell crack cocaine to Rhone.” The
 
 content
 
 of Freeman’s statement to the detective is clear from the way defense counsel phrased the question posed: “And he denied everything?” Freeman offered the statement to prove he indeed was not in
 
 *126
 
 volved in the drug transaction, in keeping with defense counsel’s opening statement “vehemently denying] that Mr. Freeman had anything to do with it or that he made this sale.” Therefore, we conclude Freeman opened the door for the State to impeach him with his prior convictions.
 
 Cf. Huggins,
 
 889 So.2d at 756 (finding the appellant “opened the door to his own impeachment” where defense counsel “indirectly elicited” appellant’s exculpatory statement “by including it as an implied assumption” in question posed to witness). We conclude further that the limiting instruction the trial court gave the jury lessened the potential for unfair prejudice resulting from revealing Freeman’s three previous felony convictions.
 
 See Huggins; Gonzalez.
 
 Accordingly, we find no abuse of discretion by the court.
 

 AFFIRMED.
 

 WOLF, and DAVIS, JJ., concur.