NORTHCUTT, Judge.
A jury convicted Dwayne Williams of tampering with evidence, § 918.13(l)(a), Fla. Stat. (2007). In this appeal he raises three claims of fundamental error: the evidence was insufficient to support his conviction, the court erred in admitting evidence at trial, and the State failed to prove he qualified for habitual offender sentencing. We affirm his first two points without further discussion. We reverse the habitual offender sentence and remand for resentencing.
At the sentencing hearing, the prosecutor relied on documents contained in another of Williams’s ease files to support the habitual offender sentence. The State candidly acknowledges that the present record does not contain the judgments on which the habitual offender sentence is based, and that a prosecutor may not rely on evidence from another hearing to prove the defendant’s habitual offender status. See Sanders v. State, 765 So.2d 161, 162 (Fla. 2d DCA 2000) (reversing habitual offender sentence and noting that the State did not move into evidence information about convictions from another court file); Brooks v. State, 38 So.3d 826, 827 (Fla. 1st DCA 2010) (noting error in allowing the State to rely on documents introduced in another sentencing hearing to prove defendant’s habitual offender status). Accordingly, we reverse Williams’s sentence and remand for resentencing. The State may offer additional evidence that Williams in fact qualifies for habitual offender sentencing at the hearing. See State v. Collins, 985 So.2d 985 (Fla.2008); Prince v. State, 989 So.2d 755, 756-57 (Fla. 2d DCA 2008).
Affirmed in part, reversed in part, and remanded.
VILLANTI and CRENSHAW, JJ., Concur.