PER CURIAM.
The appellant challenges his habitual felony offender (HFO) sentence, and argues that the court erred in relying on hearsay to find that he qualified for enhanced sentencing under section 775.084, Florida Statutes. We accept the State’s concession of error and reverse.
At the sentencing hearing, a Department of Corrections (DOC) employee testified to the date the appellant was released from probation, a date he obtained from the DOC website. This date was within five years of the instant offense date. As the state concedes, it was error for the court to rely on this testimony to find that the appellant qualified as an HFO. See King v. State, 590 So.2d 1032, 1033 (Fla. 1st DCA 1991) (finding that probation officer’s testimony as to appellant’s release date was hearsay, and without the testimony, evidence was insufficient to support finding that appellant was habitual felony offender). Cf. Yisrael v. State, 993 So.2d 952, 960 (Fla.2008) (holding that a DOC release-date.letter, standing alone, is not admissible as a business record or public record, but observing that a signed release-date letter, written under seal, may be used to authenticate and admit an attached DOC crime and time report). Accordingly, we reverse *780 and remand for resentencing. The state is permitted to introduce additional evidence to establish that the appellant qualifies for enhanced sentencing. See State v. Collins, 985 So.2d 985 (Fla.2008).

Reversed and remanded for resentenc-ing.

GROSS, HAZOURI and CONNER, JJ., concur.