CASANUEVA, Judge.
Amoundo James Terrence Mathis appeals his judgments and sentences for possession of cocaine and possession of drug paraphernalia. We agree with Mr. Mathis that the trial court erred in admitting into evidence certified copies of his previous convictions and sentences, and we reverse.
During Mr. Mathis’s jury trial, Officer Jeff Barlett testified that while police were executing a search warrant at a residence, they found Mr. Mathis inside the residence and arrested him for possessing cocaine and drug paraphernalia. The defense attorney asked the officer on cross-examination if he had spoken with Mr. Mathis on the day of his arrest. When Officer Bar-lett answered in the affirmative, the defense attorney asked, “And during that conversation he never made any admissions to you; Mr. Mathis?” Officer Bar-lett testified, “That is correct.”
The State then asked for a bench conference and argued that, because the defense had introduced exculpatory testimony during the cross-examination of Officer Bar-lett, it was entitled to introduce into evidence certified copies of Mr. Mathis’s eight prior felony convictions and one prior conviction for a crime involving dishonesty. The trial court agreed with the State and admitted the certified copies into evidence.
In this appeal, Mr. Mathis first contends that the testimony was not exculpatory. We disagree. The cross-examination established that Officer Barlett had a conversation with Mr. Mathis after his arrest for possession of cocaine and paraphernalia, which were found in common areas of the home, and Mr. Mathis presumably denied that the drugs belonged to him. Similarly, in Freeman v. State, 74 So.3d 123, 125 (Fla. 1st DCA 2011), the defense attorney asked if Freeman “denied everything” after being read Miranda[1] and the detective agreed. The First District held that Freeman offered the statement to show that he was not involved in the crime, and therefore, he “opened the door for the State to impeach him with his prior convictions.” Id. at 125-26. Here, the trial court did not abuse its discretion in determining that Mr. Mathis opened the door for the State to impeach him with his prior convictions because he offered the statement to show that it was his contention on the day of the arrest that the cocaine and paraphernalia did not belong to him. See Stallworth v. State, 53 So.3d 1163, 1165 (Fla. 1st DCA 2011) (noting that a trial court’s decision concerning the questioning of a witness about prior convictions is reviewed for abuse of discretion).
However, we agree with Mr. Mathis that the trial court abused its discretion in admitting the certified copies of the prior convictions and sentences. Section 90.806(1), Florida Statutes (2011), provides that “[wjhen a hearsay statement has been admitted in evidence, credibility of the de-clarant may be attacked and, if attacked, may be supported by any evidence that would be admissible for those purposes if the declarant had testified as a witness.” When a witness testifies, his or her credibility may be attacked “by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law ... or if the crime involved dishonesty or a false statement.” § 90.610(1). But when a witness is questioned about his or her prior convictions pursuant to section 90.610, the questioning is usually limited to *486 the existence and the number of prior convictions unless the witness answers untruthfully. Fotopoulos v. State, 608 So.2d 784, 791 (Fla.1992).
In Huggins v. State, 889 So.2d 743, 755-56 (Fla.2004), the Florida Supreme Court held that “section 90.806 permits the introduction of a defendant’s felony convictions when the defendant elicits his or her own exculpatory, hearsay statement through another witness at trial.” However, unlike the present case, the certified copies of the convictions and sentences were not introduced into evidence in Huggins. In Huggins, the trial court informed the jury about the appellant’s nine previous felony convictions, but it did not specify the nature of the crimes, and the trial court gave the jury a limiting instruction relating to the jury’s use of the information. Id. at 754; see also Moore v. State, 943 So.2d 296, 297-98 (Fla. 1st DCA 2006) (holding that where the appellant introduced exculpatory statements that he made to police officer, his credibility could be attacked just as if he had testified as a witness).
In Freeman, 74 So.3d at 125, the First District followed Huggins and held that “[t]he State can use [an appellant’s] prior convictions to impeach exculpatory hearsay statements of [an appellant] who does not testify but gets the statements into evidence through another witness.” However, in Freeman the trial court deferred ruling on the request by the State to introduce the convictions until the appellant decided whether to testify. Id. When the appellant did not testify, the trial court informed the jury that the parties had stipulated to the following:
The [appellant] has been convicted of three prior felonies. Now, ladies and gentlemen, that evidence of prior convictions should be considered only for the purpose of assessing the [appellant]’s credibility of statements he allegedly made that were related by a witness and are not to be considered as proof of guilt for the charged offense.

Id.

The First District held that the trial court did not abuse its discretion in using this procedure. Id. at 126; see also Werley v. State, 814 So.2d 1159, 1162-63 (Fla. 1st DCA 2002) (holding that prior convictions were properly admitted for impeachment purposes where the “trial court instructed the jury that the prior convictions should be considered only for the purpose of assessing the defendant’s credibility of statements he made that were related by witnesses, and are not to be considered as proof of guilt for the charged offense”).
Similar to Huggins and Freeman, the Fourth District has held that “[a] non-testifying defendant who brings out his or her own exculpatory statements through another witness, ‘runs the risk of having those statements impeached by felony convictions.’ ” Gonzalez v. State, 948 So.2d 877, 878 (Fla. 4th DCA 2007) (quoting Kelly v. State, 857 So.2d 949, 950 (Fla. 4th DCA 2003)). In Gonzalez, the Fourth District found no abuse of discretion where the trial court instructed the jury as to the appellant’s prior felony convictions and further instructed the jury that the information “is to be utilized only by you in consideration of determining the credibility of the statements that are attributable to Mr. Gonzalez and Mr. Gonzalez only. Understand that it has nothing to do with any other factor in this case.” Id. at 878.
The present case is distinguishable from the above cases, because the trial court allowed the State to introduce certified copies of Mr. Mathis’s convictions instead of merely informing the jury about the number of his previous convictions. Further, the trial court did so without waiting to find out if Mr. Mathis would *487 testify, and it gave no instruction to the jury that it was to consider the convictions in determining Mr. Mathis’s credibility, not his guilt. We note that if Mr. Mathis had testified and acknowledged the correct number of times he had been previously convicted of a felony, the State would not have been permitted to introduce the convictions or inform the jury about the nature of the crimes. See Fotopoulos, 608 So.2d at 791.
Additionally, as the Florida Supreme Court held in Huggins, 889 So.2d at 756, the trial court was required to determine whether the probative value of the evidence was substantially outweighed by the danger of the evidence’s unfair prejudice. § 90.408 (“Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice .... ”). In Huggins, 889 So.2d at 756-57, the supreme court concluded that the trial court did not abuse its discretion in performing this balancing test where it tried to limit the danger of unfair prejudice by giving the jury a limiting instruction regarding the use of the evidence and by not informing the jury of the nature of crimes.
In the present case, we conclude that the probative value of the convictions did not outweigh the danger of unfair prejudice to Mr. Mathis, where the jury was informed of the nature of the crimes and the trial court did not give the jury a limiting instruction pertaining to the convictions. During Mr. Mathis’s trial, only one witness testified that the cocaine and drug paraphernalia found in the house belonged to Mr. Mathis, and she admitted to having four previous felony convictions. We hold that, although it would have been proper for the trial court to inform the jury about the number of Mr. Mathis’s previous convictions, it was an abuse of discretion to permit the introduction of the convictions into evidence.
We note that the Fourth District addressed this issue and found no abuse of discretion in Moncus v. State, 69 So.3d 341, 342 (Fla. 4th DCA 2011), holding that the State had the right to attack the appellant’s credibility after his attorney elicited exculpatory hearsay from the arresting officer, even though the defendant did not testify. Similar to the present case, the State introduced the certified copies of the appellant’s seven prior judgments into evidence. Id. at 342-44. However, the issue raised on appeal in Moncus involved the validity of the prior convictions. Id. at 343; see also Fisher v. State, 924 So.2d 914, 916 (Fla. 5th DCA 2006) (holding that the State was properly allowed to enter into evidence the appellant’s convictions where the trial court gave a limiting instruction to the jury). But cf. Ray v. State, 933 So.2d 716, 720 (Fla. 4th DCA 2006) (holding that trial court properly informed the jury about the appellant’s prior convictions without identifying the crimes because exculpatory statements of the appellant had been admitted through testimony of the State’s witnesses; however, when the appellant later testified and admitted to having the previous convictions, it was an abuse of discretion to allow the State to bring out the fact that one of the prior felony convictions was a burglary).
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ„ Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).