# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**JAVORIS DENARD PHILLIPS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1710

[February 28, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562012CF003485.

Melanie Malave, Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

*Affirmed.*

GERBER, C.J., and KUNTZ, J., concur.
GROSS, J., concurs specially with opinion.

GROSS, J., concurring specially.

I concur in the affirmance of the burglary and grand theft convictions.

I write only to note that there may have been ineffective assistance of both his trial and appellate counsel.

No witnesses or physical evidence placed appellant at the victim's home. The primary evidence against him was his possession of recently stolen property—the victim's computer was left in a rental car rented by appellant.

A customer service representative from the rental car company testified that a porter found the tablet computer while cleaning out a returned

rental car. The representative identified the car based on some unidentified internal records which were not introduced at trial. The trial court overruled trial counsel's hearsay objection to this testimony. The porter did not testify at trial. This was not a small point—the State needed to link appellant to the car where the tablet was found to obtain a conviction.

On appeal, appellate counsel did not pursue the hearsay objection, which appears to have had some merit. As a result, the hearsay objection was waived. *See Peterson v. State*, 94 So. 3d 514, 527 (Fla. 2012). Instead, counsel briefed the issue of a confrontation clause violation, which was not an objection raised by trial counsel, so the argument was unpreserved. *See* § 90.104, Fla. Stat. (2017).

Trial counsel's potential strategic errors involve common scenarios in criminal cases. Appellant had nine prior felony convictions. To avoid impeachment by prior convictions, defense counsel called appellant's girlfriend as an alibi witness. She said that appellant was with her at the time the burglary was committed. In addition, under questioning by the defense attorney, she testified that *appellant told her that he rented a car for a friend, who happened to be deceased at the time of trial*. This italicized self-serving hearsay statement, in which appellant was the declarant, opened the door to impeachment of the statement by appellant's nine felony convictions. *See* § 90.806(1), Fla. Stat. (2017); *Gonzalez v. State*, 948 So. 2d 877, 878 (Fla. 4th DCA 2007). Another questionable situation is the absence of an authentication objection to the telephone conversations during a detective's spoofed phone calls to the number listed on the car rental contract. *See* C. Ehrhardt, Florida Evidence § 901.6 (2012 ed.). Whether all of this was sound trial strategy can be explored at a hearing under Florida Rule of Criminal Procedure 3.850.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***