DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

LAZARO MIGUEL FERNANDEZ,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2022-1630

_____

August 16, 2024

Appeal from the Circuit Court for Sarasota County; Donna Padar, Judge.

Andrea Flynn Mogensen of The Law Office of Andrea Flynn Mogensen, P.A., Sarasota, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Elba Caridad Martin, Senior Assistant Attorney General, Tampa; and Clara V. Murga, Assistant Attorney General, Tampa (substituted as counsel of record), for Appellee.


KHOUZAM, Judge.

Lazaro Miguel Fernandez timely appeals his judgment and sentence for felony battery with great bodily harm following a jury trial. We reverse and remand because Fernandez's prior criminal record was

improperly admitted at trial. However, we find no merit to Fernandez's remaining arguments.

The charge against Fernandez arose from an altercation that took place at a club in downtown Sarasota. The victim was working security that evening and was asked to remove Fernandez's father-in-law from the premises. The father-in-law exited the establishment but continued talking to the victim at the doorway of the club. During this interaction, the victim was struck on the left side of his face and fell to the ground, momentarily blacking out. Someone continued to strike him while he was on the ground. Ultimately, he went to the hospital for treatment for his injuries, which included a deep laceration to his ear that required at least nine stitches. Security footage showed that it was Fernandez who attacked the victim; the victim identified Fernandez in court as the man shown attacking him in the video.

Fernandez's theory of the case was that he struck the victim in defense of his father-in-law, whom the victim was threatening. The father-in-law testified that the victim was being aggressive and that he was afraid the victim was going to resort to violence. According to the father-in-law, Fernandez was trying to diffuse the situation and protect him. The father-in-law had been in a major accident as a teenager that left him particularly vulnerable to dire injury, a fact that Fernandez knew well.

As relevant to the issue at hand, Fernandez's father-in-law testified that Fernandez was "continuously trying to extinguish the situation" between him and the victim. According to the father-in-law, Fernandez "was talking to the bouncer and telling him, 'It's my father-in-law. Leave him alone. We're just going to get the girls. They're in the bathroom. Once they come out, we're going to leave.' "

2

Based on this testimony from the father-in-law, the court admitted Fernandez's prior record under section 90.806(1), Florida Statutes (2021), which provides:

> When a hearsay statement has been admitted in evidence, credibility of the declarant may be attacked and, if attacked, may be supported by any evidence that would be admissible for those purposes if the declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time inconsistent with the declarant's hearsay statement is admissible, regardless of whether or not the declarant has been afforded an opportunity to deny or explain it.

Under this rule, "[t]he State can use a defendant's prior convictions to impeach exculpatory hearsay statements of a defendant who does not testify but gets the statements into evidence through another witness." *Freeman v. State*, 74 So. 3d 123, 125 (Fla. 1st DCA 2011).

Fernandez argues that his father-in-law's testimony did not support the admission of his prior criminal record because it did not constitute hearsay and was not exculpatory. He argues the statements were not offered for the truth of the matters asserted—that the witness was Fernandez's father-in-law, that their wives were in the bathroom, and that they intended to leave. Rather, they were offered to prove that Fernandez was trying to diffuse the situation, and therefore they did not meet the threshold requirement under section 90.806(1) that a hearsay statement be admitted. *See Pitts v. State*, 227 So. 3d 674, 678 (Fla. 1st DCA 2017) ("An out-of-court statement offered for some purpose other than its truth is not hearsay."). He also argues that the statements were not exculpatory because he was not quoted as saying that he did not commit the offense or that he acted in self-defense.

Although the statements may be considered exculpatory because they support the theory of defense, Fernandez is correct that they do not constitute hearsay. They were not offered for the truth of the matters

3

asserted, but rather to illustrate that Fernandez was attempting to diffuse the situation. As nonhearsay, they did not fall under section 90.806(1), and it was an abuse of discretion for the court to admit Fernandez's prior record on this basis. *See Gudmestad v. State*, 209 So. 3d 602, 605 (Fla. 2d DCA 2016) ("Because defense counsel elicited no hearsay statements, the trial court erred by allowing the State to attack Gudmestad's credibility under section 90.806(1).").

"When a trial court erroneously admits evidence, we apply a harmless error test to determine whether the error necessitates reversal." *Id.* At trial, Fernandez's credibility was at issue: he admitted that he was involved in the altercation, but he claimed that he was defending his father-in-law. Under these circumstances, "[w]e cannot say that the verdict in this case was not affected by the erroneous admission of [Fernandez's] convictions." *Id.* at 606. Accordingly, we reverse and remand for a new trial.

Reversed and remanded.

SLEET, C.J., and VILLANTI, J., Concur.

———————————————

Opinion subject to revision prior to official publication.

4