DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDWELE R. WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2253

[December 4, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael I. Rothschild, Judge; L.T. Case No. 23-001139CF10A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

In this appeal from appellant's conviction and sentence, he raises three issues. First, he claims that the trial court made an inadequate *Faretta*[1] inquiry when he wanted to represent himself. We affirm without discussion, as we conclude that the court's inquiry was sufficient. Second, he contends he was entitled to a twelve-person jury, but we have previously rejected this constitutional challenge. *See Guzman v. State*, 350 So. 3d 72 (Fla. 4th DCA 2022). Finally, he argues that the court erred in sentencing him as a habitual offender, because the State failed to prove with sufficient evidence the most recent prior conviction for purposes of the enhancement. We reverse on this issue, because the prior conviction did not sufficiently identify the defendant by anything except the name.

The State charged appellant with sexual battery involving special circumstances, false imprisonment, and battery. The State filed a notice

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

of intent to seek habitual offender sentencing. After a jury trial, appellant was found guilty as to each charge.

At the sentencing hearing, the State sought to designate appellant as a habitual felony offender (HFO) based on certified convictions from Illinois, Pinellas County, and Miami-Dade County, the latter being the only conviction within five years of the charged offense. The State produced a certified copy of the Miami-Dade conviction. The copy had fingerprints which were illegible. The Miami-Dade judgment did not have a picture, date of birth, or social security number attached to it. The defendant objected to the Miami-Dade conviction, because it failed to sufficiently identify him. The trial court overruled the objection, admitted the convictions, and found that appellant qualified as an HFO.

The trial court sentenced appellant to 180 months as an HFO on Count I for sexual battery; 151.43 months as an HFO on Count II for false imprisonment, concurrently with credit for time served, which was the scoresheet's lowest permissible sentence; and time served on Count III. This appeal follows.

"Because a sentencing error involves a pure issue of law, this court's standard of review is de novo." *Levandoski v. State*, 217 So. 3d 215, 218 (Fla. 4th DCA 2017).

"It is the State's responsibility to prove that the defendant qualifies for sentencing as a habitual felony offender." *Rivera v. State*, 825 So. 2d 500, 501 (Fla. 2d DCA 2002). Appellant argues that the Miami-Dade conviction lacked sufficient identifying information to use as a prior conviction for HFO purposes, and therefore the State did not meet its burden of proof for HFO designation.

The State can prove that a prior conviction belongs to a defendant in several ways, such as fingerprint analysis, photographic evidence, or matching names and social security numbers. *Sustakoski v. State*, 992 So. 2d 306, 308 (Fla. 4th DCA 2008); *see also Johnson v. State*, 936 So. 2d 672, 674 (Fla. 4th DCA 2006) (approving the use of a photograph to identify a conviction as the defendant's); *Guion v. State*, 753 So. 2d 628, 630 (Fla. 5th DCA 2000) (finding a name and social security number to be sufficient to prove identity for the purposes of enhancement). The Second District has held that either fingerprint evidence or photographic evidence is required to prove identity of a defendant in a prior conviction. *See, e.g.*, *West v. State*, 16 So 3d 1033, 1035 (Fla. 2d DCA 2009)*; Prince v. State*, 989 So. 2d 755, 756 (Fla. 2d DCA 2008)*; Bodie v. State*, 983 So. 2d 1196, 1197 (Fla. 2d DCA 2008).

The State cites *Moncus v. State*, 69 So. 3d 341 (Fla. 4th DCA 2011), to support its contention that name identification alone is sufficient for purposes of proving a defendant's prior conviction. In *Moncus*, we addressed the issue of the sufficiency of proof of a prior conviction for purposes of impeaching a defendant's character. *Id.* at 342–43. In dicta, we distinguished the quality of proof required to prove an essential element of a crime from the proof required to show identity of a prior conviction for purposes of sentencing enhancement. *Id.* at 343. In our comparison, we stated that the state's burden of preponderance of the evidence for statutory enhancement was a "lesser" burden of proof which could be satisfied by "merely showing name identity." *Id.* However, we noted that most of the convictions in question in that case also contained dates of birth, social security numbers, or both. *Id.* at 344.

*Moncus* relied in part on *Moore v. State*, 944 So. 2d 1063 (Fla. 4th DCA 2006), which in turn relied on *Slade v. State*, 898 So. 2d 120 (Fla. 4th DCA 2005), for the proposition that the court could rely on certified copies of convictions and official court records as proof of prior convictions. However, the issue in *Slade,* as fleshed out in the dissent, was whether the prior convictions must be admitted into evidence at the sentencing hearing and not merely presented to the court. Neither case involved the issue of whether the certified convictions had sufficient indicia of identity to prove they were the defendant's convictions.

In *Cox v. State*, 816 So. 2d 160 (Fla. 2d DCA 2002), involving a probation revocation proceeding, which is also governed by a preponderance of evidence standard, the court concluded that a prior conviction could not be proved by name identity alone:

> Cox argues that the similarity in names and birth dates is insufficient to meet the preponderance of the evidence standard for revoking probation. Since as far back as 1913, Florida has required more than an identity of names to prove that the person named in a prior judgment is the same person before the court on a new charge. *Thompson v. State*, 66 Fla. 206, 63 So. 423 (1913).
>
> > There are two lines of authority on the sufficiency of a name to establish the identity of an accused with the person named in the documentation of a prior conviction. One line of authority . . . holds that identity of the name of the accused and the person previously convicted, in the absence of rebuttal, supports a finding

3

of identity.  **Florida, however, has followed the line of authority that holds that the identity of an accused must be established by affirmative evidence, mere proof of identity of names being insufficient**.

*Miller v. State*, 573 So. 2d 405, 406 (Fla. 2d DCA 1991).

*Id.* at 161 (emphasis added).

We have discovered no case in which a sentence enhancement has been proved through prior convictions where the defendant's identity has been established by name alone.  The State must present some additional proof other than name to show that the conviction is of the same person as the defendant.

We therefore affirm appellant's conviction but reverse his sentence.  On remand for resentencing, the State shall be allowed to introduce additional evidence to support HFO sentencing.  *See Armstrong v. State*, 98 So. 3d 779, 780 (Fla. 4th DCA 2012) (citing *State v. Collins*, 985 So. 2d 985 (Fla. 2008)).

*Conviction affirmed; sentence reversed and remanded for resentencing.*

GROSS and CIKLIN, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

4